Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (XII)

| | | |
|---|---|---|
| GUSTAVO PARAPAR RAY, JOARIS PARRA URIBE<br><br>Peticionario<br><br>V.<br><br>ANDREA CRUZ<br><br>Recurrida | KLCE202500557 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: DO2023CV00229<br><br>Sobre: Desahucio en Precario |

Panel integrado por su presidenta, la Jueza Grana Martínez, la Jueza Díaz Rivera y la Jueza Lotti Rodríguez

Grana Martínez, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de octubre de 2025.

Comparece ante nos el señor Gustavo Parapar Ray y la señora Joaris Parra Uribe por conducto de su representación legal, mediante *Certiorari* instado el 22 de mayo de 2025. En su recurso, nos solicita que revoquemos la Resolución emitida por el Tribunal de Primera Instancia ("TPI") el 24 de marzo de 2025, que confirmó la nulidad de la sentencia dictada el 23 de septiembre de 2024, y el TPI determinó que hubo falta de partes indispensables.

Por los fundamentos que expondremos a continuación, se revoca la determinación del TPI. Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

**- I -**

El 14 de noviembre de 2023, el Sr. Gustavo Parapar Ray y otros (en adelante, la "Parte Peticionaria ") presentó una Demanda sobre Desahucio y Cobro de Dinero en contra de la Sra. Andrea Cruz (en adelante, la "Parte Recurrida").[1] En síntesis, se alegó que la Parte

---

[1] Véase Apéndice del *Certiorari,* pág. 3.

Recurrida incumplió con un Contrato de Arrendamiento suscrito en corte abierta el 12 de febrero de 2013,[2] y el cual adeuda la cantidad de $66,000.[3] El 30 de abril de 2024, la Parte Recurrida fue emplazada mediante edicto en el Periódico El Vocero.[4] Además, se le envió copia de la Demanda Enmendada y el Emplazamiento dentro de los diez (10) días por correo certificado a su última dirección.[5] El 25 de junio de 2024, se le anotó la rebeldía a la Parte Recurrida por no haber presentado su alegación responsiva. Posteriormente, el 23 de septiembre de 2024, el TPI emitió una Sentencia declarando ha lugar la Demanda de desahucio y cobro de dinero, condenado a la Parte Recurrida a desalojar el inmueble.[6]

El 6 de diciembre de 2024, la Parte Recurrida compareció mediante una *Moción urgente asumiendo representación legal para que se deje sin efecto el lanzamiento y Relevo de Sentencia*. En dicho escrito se expusieron dos argumentos. En el primero, se manifestó que no procede la orden de lanzamiento, debido a que no se ha producido evidencia de que el edicto fue publicado. El segundo argumento gira en torno a una violación del Debido Proceso de Ley fundamentándose en que, una vez publicado el edicto, se tenía que enviar copia de la Demanda y el edicto a la última dirección conocida de la demandada.[7] Cabe destacar, que la Parte Recurrida fue notificada de la demanda y publicación del edicto a la siguiente dirección: *P.O. BOX 52031* en Levittown Station, Puerto Rico, 00950.[8] No obstante, la Parte Recurrida no se encontraba en Puerto Rico debido a que fue operada en los Estados Unidos de corazón abierto.[9] Además, alegó que procedía el Relevo de Sentencia y la

---

[2] *Id.* en la pág. 2.
[3] *Id.* en la pág. 74.
[4] *Id.* en la pág. 21.
[5] *Id.*
[6] *Id.* en la pág. 27.
[7] *Id.* en la pág. 29.
[8] *Id.* en la pág. 38.
[9] *Id.*

nulidad de esta a causa porque hubo una violación al debido proceso de ley en torno al emplazamiento por edicto y no se cumplió con el estándar de razonabilidad.[10] El 10 de enero de 2025, la Parte Peticionaria presentó su *Réplica a la Moción de Relevo de Sentencia* solicitando que se desestime. La parte antes mencionada expuso que se cumplió con la notificación puesto que fue enviada a su última dirección postal conocida, entiéndase el P.O. BOX de Levittown.

El 23 de enero de 2025, el TPI emitió una Resolución Interlocutoria declarando no ha lugar al Relevo de Sentencia.[11] El 11 de febrero de 2025, se presentó una *Reconsideración de la Resolución Interlocutoria y Falta de Parte Indispensable*. En dicha Moción, se reitera el estándar de razonabilidad que se tiene que dar dentro de unas circunstancias particulares del caso y que la notificación a la última dirección no se da de manera automática.[12] En lo que respecta a la falta de parte indispensable, la Parte Recurrida alegó que las residencias fueron construidas por el Sr. Mariano Cruz. Al este haber fallecido testado y habiendo instituido como herederos a sus hijos, Marcelo Cruz Reyes, Andrea Margarita Cruz Reyes, Pedro Cruz Reyes, Myrta Cruz Reyes y Salustiano Cruz Reyes, estos tienen que considerarse como partes indispensables.[13] Esto debido a que las estructuras le pertenecen a la comunidad hereditaria. El 11 de marzo de 2025, la Parte Peticionaria presenta su *Oposición a la Reconsideración de la Resolución Interlocutoria y Falta de Parte Indispensable*, en síntesis, exponen que el Contrato de Arrendamiento fue exclusivamente con la parte Recurrida, quien es la única persona que ocupa la estructura principal y los kioscos o estructuras comerciales sujeto

---

[10] *Id.* en la pág. 33.
[11] *Id.* en la pág. 49.
[12] *Id.* en la pág.50.
[13] *Id.* en la pág. 56.

al contrato de arrendamiento.[14] Asimismo, expone que incluir a terceros que no se verían afectados por el desahucio de la Sra. Cruz no justifica su comparecencia como partes indispensables.[15] Así aseveran, debido a que ninguno de los alegados herederos o familiares tienen participación contractual ni se vería directamente afectado por la acción de desahucio.[16]

El 24 de marzo de 2025, el TPI mediante una Resolución Interlocutoria declaró ha lugar la *Reconsideración de la Resolución Interlocutoria y Falta de Partes Indispensables*. El 10 de abril de 2025, la Parte Peticionaria presentó una *Reconsideración* en donde expone que solo la Sra. Cruz es la que habita el inmueble. Además, que el Sr. Pedro Cruz y Manuel Cruz no ostentan un título sobre la propiedad. El 22 de abril de 2025, dicha moción fue declarada no ha lugar.

El 22 de mayo de 2025, la Parte Peticionaria acudió ante esta curia y presentó un recurso de *Certiorari* señalando el siguiente error:

> Erró el Tribunal de Primera Instancia al dejar sin efecto una sentencia final y firme mediante relevo concedido al amparo de la Regla 49.2(d), bajo el fundamento de faltas de partes indispensables, sin identificar en su resolución cuáles eran dichas partes ni acreditar que tuvieran un interés real, inmediato y común en la controversia, conforme dispone la Regla 16.1 de Procedimiento Civil. Esto, a pesar de que el expediente surge que de las personas mencionadas por la parte demandada (su hermano y su sobrino) residen en estructuras distintas no comprendidas en el contrato de arrendamiento y no se verían afectadas por la acción de desahucio y cobro entablada exclusivamente contra la Sra. Andrea Cruz.

Como parte de su discusión del error, la Parte Peticionaria señaló que ni Pedro Cruz ni Manuel Cruz deben ser considerados como partes indispensables, debido a que no tienen un interés real en la controversia de desahucio ni serán privado de propiedad

---

[14] *Id.* en la pág. 75.
[15] *Id.*
[16] *Id.*

alguna. Dado que, "el Sr. Pedro Cruz como el sobrino [Manuel Cruz] de la demandada residen en una estructura distinta ubicada en la parte posterior del mismo terreno, que no cohabitan la unidad ocupada por Andrea Cruz, que es la única objeto de la acción de desahucio. La estructura que habitan aquellos no forma parte del contrato de arrendamiento, ni del reclamo formulado en la Demanda". El 2 de junio de 2025, la parte recurrida en su Oposición al *Certiorari* establece que las residencias fueron construidas por su padre cuando la finca pertenecía a la Autoridad de Tierra. Asimismo, alegan que "las estructuras pertenecen a la sucesión de su fenecido padre, quien falleció testado y las estructuras son herencias y no se demandó, ni emplazó a todos los herederos".[17]

### - II -

### A. Moción de Relevo de Sentencia

La moción de relevo de sentencia es el "mecanismo procesal que se tiene disponible para solicitarle al foro de instancia el relevo de los efectos de una sentencia cuando esté presente alguno de los fundamentos allí expuestos".[18] Dicha moción tiene que ser presentada dentro de un plazo de seis (6) meses de haberse registrado la sentencia.[19] Dentro de los fundamentos que expone la Regla 49.2 de Procedimiento Civil se encuentran los siguientes:

(a) error, inadvertencia, sorpresa o negligencia excusable;
(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
(c) fraude, falta representación u otra conducta impropia de una parte adversa;
(d) *nulidad de la sentencia*;
(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sine

---

[17] Oposición al *Certiorari*, en la pág .4
[18] *García Colon et al v. Sucn. González*, 178 DPR 527, 539 (2010).
[19] Regla 49.2 de Procedimiento Civil de 2009 (32 LPRA Ap. V).

efecto, o no sería equitativo que la sentencia continue en vigor, o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.[20]

En lo que respecta el inciso (d) una sentencia será nula cuando sea dictada sin jurisdicción o cuando se viole el debido proceso de ley. [21] La falta de jurisdicción se puede dar en el caso de que un tribunal dicte sentencia cuando falte una parte indispensable.[22] En *García Colón v. Sucn. González,* se expuso que:

> [. . .] la omisión de una parte indispensable repercute en el resquebrajamiento del debido proceso de ley que al fin y al cabo es un derecho fundamental tutelado por nuestra Constitución. Al tratarse de la violación de un derecho constitucional, el relevo de sentencia se justifica por razón de nulidad de la sentencia. Además, como ya expresamos, una sentencia que se dicte sin una parte indispensable hace que el tribunal que la dicto carezca de jurisdicción sobre la persona, tornando la sentencia en una nula, permitiendo utilizar el vehículo procesal del relevo de sentencia para cuestionar la determinación del foro sentenciador.[23]

### B. Parte Indispensable

La Regla 16. 1 de Procedimiento Civil establece en torno a la figura de parte indispensable que "las personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularan como demandantes o demandadas, según corresponda".[24] La figura de parte indispensable encarna el principio fundamental de la necesidad de incluir a una parte con interés para que el decreto judicial emitido sea completo.[25]

Nuestro Máximo foro local ha señalado que la figura de parte indispensable ha sido interpretada restringidamente.[26] El interés que debe tener la alegada parte indispensable debe ser uno real e

---

[20] *Id.*
[21] R. Hernández Colon, Derecho Procesal Civil, 6.ª ed. rev. San Juan, 2017, pág. 456.
[22] Id. en la pág. 457.
[23] *García Colon et al v. Sucn González, supra*, pág. 551.
[24] Regla 16.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V).
[25] *SLG Rivera-Pérez v. SLG Díaz-Doe et al.*, 207 DPR 636, 657 (2021).
[26] *García Colon et al v. Sucn González,* supra, pág. 549 (2010).

inmediato y que no basta con que sea un interés especulativo ni futuro.[27] Por consiguiente, la parte debe tener un interés de tal magnitud que imposibilite la creación de un derecho apropiado sin menoscabar o anular sustancialmente los derechos de la otra parte.[28]

El Tribunal Supremo ha establecido que "la determinación de si debe acumularse una parte depende de los hechos específicos de cada caso particular. Los tribunales tienen que hacer un análisis juicioso que incluya la determinación de los derechos de un ausente y las consecuencias de no ser unido como parte en el procedimiento. Es importante auscultar si el tribunal podrá hacer justicia y conceder un remedio final y completo sin afectar los intereses del ausente".[29]

El razonamiento detrás de la Regla 16.1 de Procedimiento Civil es salvaguardar a la persona que no está presente de los efectos jurídicos de una sentencia e impedir la pluralidad de pleitos mediante un remedio completo. Es sabido que la falta de parte indispensable es un planteamiento que se puede plantear por primera vez a nivel apelativo y que dicho tribunal por su propia voluntad puede considerarlo dado a que de faltar una parte indispensable el tribunal carece de jurisdicción de la persona. [30]

**- III –**

La Parte Peticionaria le solicitó a este foro apelativo intermedio que se revoque la determinación emitida por el TPI el 24 de marzo de 2025. En dicha fecha, el TPI acogió una *Reconsideración de la Resolución Interlocutoria y Falta de Parte Indispensable* en el cual determinó que hubo una omisión de partes indispensables.

---

[27] *López García v. López García*, 200 DPR 50, 64 (2018).
[28] *Id.* en la pág. 65
[29] *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 223 (2007).
[30] *García Colon et al v. Sucn. González*, supra, pág. 551.

La Parte Peticionaria planteó en su error del *Certiorari* que el TPI no identificó quiénes eran las partes indispensables y cómo estas tienen un interés real, inmediato y común en la controversia. Por otro lado, la Parte Recurrida alegó que al haber múltiples estructuras que fueron levantadas por su progenitor y al este haber fallecido se creó una comunidad de bienes sobre las estructuras. Por lo cual, exponen que se tiene que traer al pleito a todos los comuneros para propósitos de un desahucio.

La norma que ha reiterado el Tribunal Supremo es que el interés de la parte en litigio debe ser de tal manera que se impida la elaboración de un derecho adecuado sin destruirle totalmente o afectarle sus derechos. No se le puede afectar un derecho posesorio a una persona que no tienen la tenencia de la cosa como lo sería el restante de los comuneros.

El TPI debió haber hecho un análisis juicioso de cómo a la comunidad hereditaria se le menoscabaría algún derecho en el caso de que la Parte Recurrida sea desahuciada. En el caso de marras solo un miembro de la comunidad, la Sra. Cruz suscribe el Contrato de Arrendamiento y solo ella lo incumple. Si las estructuras le pertenecieran a la comunidad de bienes entonces todos los comuneros debieron de haber sido también otorgantes del Contrato de Arrendamiento. No obstante, solo hubo un otorgante de la comunidad que suscribió el mismo.

Las alegadas partes indispensables no tienen un interés real e inmediato. Debido, a que ninguno de los otros comuneros se encuentra en posesión de la estructura, ni van a hacer desahuciados de la estructura. El interés que pueda tener los demás comuneros sobre el desahucio de la Parte Recurrida es uno especulativo o futuro. Además, no priva a los comuneros de acción alguna en la posteridad, en el caso de querer ejercer algún derecho según lo disponga el ordenamiento jurídico puertorriqueño.

No debió haber procedido la moción de relevo de sentencia en la cual se solicitó la nulidad de la sentencia dictada el 24 de septiembre de 2024, debido a que la única parte indispensable es la Parte Recurrida. El Tribunal tenía jurisdicción sobre la persona de la Parte Recurrida toda vez de que fue emplazada mediante edicto oportunamente.

**- IV -**

Por los fundamentos antes expuestos, expedimos y *revocamos* la Reconsideración de la Resolución Interlocutoria y Falta de Parte Indispensables dictaminada el 24 de marzo de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones